Southard J.
remarked. That the writing upon which the difficulty was supposed to arise, under the two first heads of the argument, was mere evidence of the contract between the parties, *and not of that class of written instruments which must stand by themselves and cannot be explained and varied. It was part only of that evidence, by which the contract was to be established, and was the subject of explanation on both sides. A great portion of the other evidence was properly in illustration of this. Now it is a large call upon the court to induce it to say, that the character of agent must appear on every piece of written evidence by which the contract is proved. This character may be shewn by other means, so as to bind his principal. Thus also, that part which relates to the price was subject to explanation, and although there may seem to be a variance, yet if one really exist, the plaintiff ought to have been allowed to shew, that it was in appearance only. This objection indeed is opposed to the admission of the paper in evidence, but furnishes no reason why the jury should not pass upon it, after it was admitted.
Upon the third reason, I would remark, that I can see no necessity to notify the defendants of the appointment of a consignee. The words of the writing, and the con *261 tract as proved, do not necessarily require it. They were to be understood and construed according to the of the trade, and that abundantly shews, that this was never done, and was not necessary to enable the fendants to perform their parts. I think also, if it were necessary that there was such evidence of the appointment, as ought, under proper instructions from the court, to have been submitted to the consideration of the jury.
Rule absolute.
It was suggested that a question might well be raised whether the plaintiff when sued for the freight, ought not to have taken advantage of, and shewn the failure of the defendants; and whether, having neglected to do it, he can now maintain this action. But this question not being presented by the reasons or the argument, the court did not consider it.

 a second trial verdict was rendered for defendants, see Den vs. Morris, 3 Hal. 215.